ELMER E. ANDERSON AND OTHERS v. CITY OF
TWO HARBORS AND OTHERS.
COMMUNITY HEALTH CENTER, INC., AND
ANOTHER, APPELLANTS.[1]

May 13, 1955.

No. 36,419.

[1]Reported in 70 N. W. (2d) 414.

*Lee Loevinger* and *Larson, Loevinger, Lindquist, Freeman & Fraser,* for appellants.

*R. B. Reavill* and *Reavill, Jenswold, Neimeyer & Johnson,* for plaintiffs-respondents.

*M. Albert Henry,* for defendants-respondents.

FRANK T. GALLAGHER, JUSTICE.

This is a taxpayers' suit for a declaratory judgment determining that a proposed ordinance adopted by the electors of Two Harbors at a special election on December 8, 1953, is invalid. The ordinance provided:

"AN ORDINANCE AUTHORIZING APPROPRIATIONS FROM THE CITY LIQUOR DISPENSARY PROFITS TO A COMMUNITY HOSPITAL.

"The City of Two Harbors, Minnesota, does ordain as follows:

"SECTION I

"That the sum of two hundred thousand dollars ($200,000) be contributed by the City Council from the profits of the city liquor dispensary to the Community Health Center Inc. of Two Harbors, Minnesota, for the purpose of constructing, equipping, and maintaining a new community hospital in the City of Two Harbors.

"SECTION II

"Any hospital constructed, equipped, and maintained from funds contributed pursuant to this ordinance shall be open to all residents of the city on equal terms."

The city of Two Harbors is a city of the fourth class with a home rule charter. It operates a municipal off-sale liquor store. Community Health Center, Inc., is a Minnesota nonprofit corporation organized under L. 1951, c. 550 (M. S. A. c. 317), operating a hospi-

tal in Two Harbors affording approximately 30 beds for patients. It is maintained through private funds and donations.

The Two Harbors home rule charter contains the following provisions:

## "CHAPTER II.

\* \* \* \* \*

"Section 16. Any proposed ordinance may be submitted to the council by a petition signed by registered electors of the city \* \* \*. Within ten days from the date of filing such petition the city clerk shall examine and \* \* \* ascertain whether or not said petition is signed by the requisite number of qualified electors, \* \* \*. If the petition shall be found to be sufficient, the clerk shall submit the same to the council \* \* \*.

"If the petition \* \* \* contains a request that said ordinance be submitted forthwith to a vote of the people at a special election, then the council shall either:

"(a) Pass said ordinance without alteration within twenty days \* \* \*; or,

"(b) \* \* \* proceed to call a special election at which said ordinance, without alteration, shall be submitted to a vote of the people.

\* \* \* \* \*

"\* \* \* If a majority of the qualified electors voting on said proposed ordinance shall vote in favor thereof, said ordinance shall thereupon become a \* \* \* binding ordinance \* \* \*; and \* \* \* can not be repealed or amended except by a vote of the people."

## "CHAPTER VII.

\* \* \* \* \*

"Section 18. The city council shall control the finances of the city, and shall have power to appropriate money for city purposes only, \* \* \*; to borrow money on its credit for city purposes and to issue bonds therefor, \* \* \*.

\* \* \* \* \*

"Section 25. It shall have power by a two-thirds (2-3) vote of all the members thereof, to erect, provide for, \* \* \* hospitals \* \* \* within or without its limits, \* \* \*."

This action was commenced on February 5, 1954. The city of Two Harbors and Community Health Center, Inc., were designated defendants therein. Community Health Center, Inc., moved upon the complaint for summary judgment adjudging the ordinance valid. Plaintiffs then moved for summary judgment determining it to be invalid, and subsequently the city of Two Harbors joined with plaintiffs in praying that the ordinance be adjudged invalid. On April 1, 1954, the trial court made its order determining the ordinance to be invalid, and judgment was entered pursuant to such order on April 6, 1954. Community Health Center, Inc., appeals from the judgment entered, contending that the ordinance is valid either by virtue of city charter provisions or under M. S. A. 447.045.

The adoption of this ordinance was attempted under the initiative provisions of the city charter, the city council having first failed to pass the proposed ordinance. Paragraph 9 of the complaint alleges:

"The canvassing officers certified that at said election a total of 1,236 votes were cast for and 1,153 votes cast against said proposed ordinance, whereupon it was declared adopted."

The answer of the city of Two Harbors, while admitting the correctness of the vote, does not admit that the ordinance was declared adopted but alleges that the canvassing officers verified the vote and that they took no other action.

The only question before us which we deem necessary to consider in order to determine this appeal is whether the ordinance in question is valid.

■ It is our opinion that, by the enactment of § 447.045, the legislature pre-empted or superseded any previous authority vested in the councils or electors of cities of the fourth class under their home rule charters or otherwise with respect to disposition of funds derived from off-sale municipal liquor dispensaries for hospital purposes.

Appellant admits that there is no specific grant of authority to the city or the city council to enact such an ordinance as the one here in question other than § 447.045, subd. 4. It argues in its brief, however, that, even in the absence of such a specific enabling statute,

the power to enact the ordinance in question seemed fairly implied from the general grants of power under which the city operates.

Section 447.045, subd. 1,[2] provides that the council of such a city may appropriate not to exceed $125,000 from such liquor dispensary funds to any duly incorporated nonprofit hospital association for the construction of a community hospital in such a city but restricts such authority to situations where the average net earnings of the dispensary have exceeded $18,000 per year for the five fiscal years preceding the appropriation. Section 447.045, subd. 4,[3] provides that, if the voters of any such city vote in favor of contributing from the profits of the municipal liquor dispensary fund toward the construction or maintenance of a community hospital within city limits, the council may appropriate not to exceed $200,000 from such profits for such purposes and that, to give effect thereto, certificates of indebtedness in anticipation of such profits and payable therefrom may be issued by the city.

---

[2] "The council of any city of the fourth class operating under a home rule charter and operating an off-sale municipal liquor dispensary may appropriate not to exceed $125,000 from the liquor dispensary fund to any duly incorporated non-profit hospital association for the construction of a community hospital in such city governed by a board including two or more members of the city council and open to all residents of the city on equal terms. No such appropriation shall be made in any city where the average net earnings of the off-sale municipal liquor dispensary had not exceeded $18,000 for the last five completed fiscal years preceding the date of such appropriation."

[3] "If the voters of any city of the fourth class operating under a home rule charter or otherwise, operating one or more municipal liquor stores, at a general or special election vote in favor of contributing from the profit in the city liquor dispensary fund toward the construction, equipping and maintenance of a community hospital within the limits of the city, the council thereof may appropriate not to exceed $200,000 from profits in its liquor dispensary fund for the construction, equipping and maintenance of a community hospital in such city and open to all residents of the city on equal terms.

"Certificates of indebtedness in anticipation of such profits may be issued by any such city payable only from profits from the operation of such store or stores."

■ Minn. Const. art. 4, § 36, providing for home rule charters, specifically states that the legislature may provide general laws relating to cities of 10,000 inhabitants or less (Two Harbors) "which shall be paramount while in force to the provisions relating to the same matter included in the local charter herein provided for."

It is undisputed that the authority vested in the electors or council in § 447.045, subd. 4, is paramount *in the same matters* to that vested in the city charter of Two Harbors. That being true, we must rely upon the provisions of § 447.045, subd. 4, in determining the matter before us. It will be noted that, under that authority, it is left to the discretion of the city council to appropriate any money and, in any event, the amount is not to exceed $200,000 if the council does make such appropriation. It is our opinion that nothing in connection with the election could take away the discretionary power of the council to make the appropriation. Under § 447.045, subd. 4, the legislature specifically vested discretion in the council to appropriate money for such purposes, and this court cannot deprive the council of such discretion. Under that section, if the electors vote in favor of the contribution, the council *may* make an appropriation not to exceed $200,000. Nowhere in the city charter of Two Harbors or in § 447.045, subd. 4, can the power to appropriate money for the purposes referred to herein ever be taken from the governing body or the city council.

This court held in Oakman v. City of Eveleth, 163 Minn. 100, 203 N. W. 514, that the voters of a municipality cannot, by initiative procedure under a home rule charter, adopt an ordinance which compels the city council to accept a specified sum for the settlement of a lawsuit. In that case, a petition subscribed by the necessary number of electors of the city of Eveleth proposed an ordinance asking that the same be passed or submitted forthwith to a vote of the people. The proposed ordinance provided for the compromise of certain claims of the city against nine former city officials and their sureties. The city council did not pass the ordinance nor did it submit it to a vote of the people. Upon the relation of Theodore Oakman, the district court granted its alternative writ of mandamus commanding the city of Eveleth, its council and clerk, to call a special election

for the purpose of submitting the proposed ordinance to a vote of the people. The ordinance was to authorize a full satisfaction and discharge upon payment of a certain amount. Defendant city, its council and clerk, demurred to the petition and writ on the ground that the facts stated therein did not constitute a cause of action. The trial court overruled the demurrer but certified that the questions presented were important and doubtful. Upon appeal by defendants to this court, the trial court was reversed. It is interesting to note part of the language used in that case where the court said (163 Minn. 108, 203 N. W. 517):

"The matter involved in the proposed ordinance is one that calls for investigation and the exercise of discretion and business judgment. It is inherently of such character that the voters, no matter how intelligent, cannot be expected to investigate and have access to all the information which we may assume the city council, with the aid of their attorney, acquire. Full information should be obtained and carefully considered before a conclusion is reached. *Such powers properly belong to the executive and adminstrative officials.* * * * *Power to do these things is by law properly vested in the council."* (Italics supplied.)

In cases where the legislature authorized the use of profits from municipal liquor stores for the construction and maintenance of hospitals we find no enactment where the legislature uses any language to make such appropriations mandatory on the part of the governing body. In other words, in each instance the matter of appropriations remained discretionary with the village or city council. See, L. 1945, c. 416; L. 1947, cc. 5, 151, and 321; L. 1949, cc. 146 and 214. The latter is the orignal act for cities of the fourth class, such as Two Harbors, and was amended by L. 1951, c. 424, which became § 447.045, subd. 4. The 1951 amendment raised the maximum amount from $100,000 to $200,000, and the word "county" was stricken before the word "hospital" and the word "community" was inserted in its place.

In every instance where our legislature authorizes the use of profits from municipal liquor stores for the construction and main-

tenance of hospitals, it always vests discretionary power in connection with the use of those profits in the governing body of the municipality. With that principle in mind, it seems to us that there is no clearer reason why the legislature vested such discretionary power in the city council than in the instant case. A review of the record discloses that as of October 31, 1953, the general fund of the city of Two Harbors had an actual overdraft of $259,906.49, which included orders not paid for want of funds. The city admitted in its answer that its adjusted overdraft is approximately $165,000 and that, according to estimates of the public accountant retained by the city, the mill rate would have to be increased at least 25 mills for the next ten years in order to balance the general fund. Under those circumstances, it seems understandable why the city joined plaintiff taxpayers in asking the court for summary judgment that the proposed ordinance is invalid and why the request was granted by the trial court.

For the foregoing reasons it is our opinion that the voters of Two Harbors may, under § 447.045, subd. 4, in a properly worded ordinance, approve the use of liquor dispensary funds for a community hospital within the limits provided by law. However, it is also our opinion, for the reasons above stated, that the proposed ordinance is invalid on its face as not being in compliance with either the state law on the subject or with the home rule charter of the city of Two Harbors, as it attempts to by-pass the statutory and home rule charter authority of the city council to appropriate the money and is therefore invalid. Here, the city council never voted to appropriate the money. Surely it cannot be said, under the authorities above cited, that a majority vote of the electors on the proposed ordinance shall make it so binding that the council can be compelled to appropriate $200,000 even though it is opposed to such appropriation because of inadequate municipal finances or for other reasons. Such an interpretation of the law would take away the long-standing discretionary powers of the council in matters of appropriation, which in our opinion cannot be done.

Affirmed.

504

Thomas Gallagher, Justice (dissenting).

■ I am of the opinion that under M. S. A. 447.045, subd. 4, the ordinance is valid. This section provides that, if the voters of any city of the fourth class which operates one or more municipal liquor stores, at a general or special election, vote in favor of contributing from the profit in the city liquor dispensary fund toward the construction, equipping, and maintenance of a community hospital within city limits, the council may appropriate not to exceed $200,000 from such profit for such purpose; and that, to give effect thereto, certificates of indebtedness in anticipation of such profits and payable therefrom may be issued by the city. It would appear that under this subdivision there is ample authority for enactment of the challenged ordinance by the electors of Two Harbors. It was submitted to the council by the requisite number of electors pursuant to Charter of Two Harbors, c. II, § 16. Thereunder, a special election was called to vote upon it, although it is clear that such an election could have been called under § 447.045, subd. 4, regardless of charter provisions. It was adopted by a majority of electors. It did not authorize contributions from liquor dispensary profits in excess of the $200,000 statutory limitation. The hospital to be constructed or maintained thereunder was to be within the city and open to all city residents on equal terms.

■ It is true § 447.045 makes no reference to appropriations for private, nonprofit hospital corporations, leaving designation of the recipient optional with local electors or councils. The principle that contribution of public funds to such an organization for hospital purposes may be validly undertaken is supported by a number of decisions. Legat v. Adorno, 138 Conn. 134, 83 A. (2d) 185; Finan v. Mayor and City Council of Cumberland, 154 Md. 563, 141 A. 269; Le Bourgeois v. City of New Orleans, 145 La. 274, 82 So. 268. As was said in Kentucky Bldg. Comm. v. Effron, 310 Ky. 355, 358, 220 S. W. (2d) 836, 837, "It is well settled that a private agency may be utilized as the pipe-line through which a public expenditure is made, the test being not who receives the money, but the character of the use for which it is expended." See, also, Opinions Attorney General,

No. 1001-A, May 5, 1948 (charitable hospital of Sauk Centre, operated on a nonsectarian basis, controlled by religious order), and No. 1001-A, December 18, 1951 (Northwestern Hospital Association of Thief River Falls, private nonprofit corporation). Based on the foregoing factors and in line with the authorities cited, it seems conclusive that the ordinance here challenged is valid.

■ Of course, the city council must make the ultimate appropriations and determine the method of raising the funds through the issuance and sale of certificates of indebtedness, payable from profits of the dispensary as provided in § 447.045, subd. 4. Likewise, it must determine the conditions under which a designated beneficiary shall receive the contribution so there will be no opportunity for waste or diversion of public funds and to insure performance of the obligations imposed on the recipient. Its authority in this respect arises not only by virtue of Charter of Two Harbors, c. VII, § 18, but under the language of § 447.045, subd. 4, as well. Specific questions relative to such matters, however, are not presented in this appeal since the only question for determination here is whether the ordinance as enacted is valid. It being entirely consistent with the provisions of § 447.045 and adopted by the voters in direct conformity with the procedure called for therein, it should be upheld.